UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00065-GNS

BRITTNEY ROBINSON, Individually and
as Administratrix of the Estate of
Anthony Robinson, deceased, et al.                                         PLAINTIFFS

v.

SOUTHERN HEALTH PARTNERS INC. et al.                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (DN 15).  The motion is ripe for adjudication.  For the reasons stated below, the motion is **GRANTED**.

### I.   BACKGROUND

In 2023, Anthony Robinson ("Robinson") was incarcerated at the Adair County Jail.  (Am. Compl. ¶ 10, DN 10-1).  Within several days of his incarceration, Robinson allegedly required emergent care due to life-threatening complications from his diabetes.  (Am. Comp. ¶ 12).  Following treatment at a hospital, Robinson returned to the Adair County Jail.  (Am. Comp. ¶ 12).  Several weeks later, Robinson again needed emergent care for his diabetes, but he was not transported to the hospital.  (Am. Comp. ¶ 15).  He was later found unresponsive, but no CPR was performed until first responders arrived.  (Am. Comp. ¶ 17).  Later attempts to revive Robinson were unsuccessful.  (Am. Comp. ¶¶ 18-19).

On April 3, 2024, Plaintiffs Brittney Robinson, individually and as the Administratrix of Robinson's Estate, and David Hammond, as Conservator for Robinson's minor children, (collectively "Plaintiffs") filed an action in Adair Circuit Court (Kentucky) against Defendants

Southern Health Partners, Inc.; Karen Bennett-Baker, ARPN; Adair County, Kentucky; Jamie Richard, individually; Austin Behne, individually; Holly Carpenter, individually; and Robert Darnell, individually (collectively "Defendants"). (Compl. ¶¶ 4-8, DN 1-1). Plaintiffs asserted claims under 42 U.S.C. § 1983 for a violation of Robinson's civil rights, and state law claims for medical malpractice, negligence, gross negligence, outrageous conduct, loss of consortium, and intentional infliction of emotional distress. (Compl. ¶¶ 22-58).

On April 12, 2024, Plaintiffs filed the First Amended Complaint ("FAC"). (Am. Compl., DN 10-1). In the FAC, Plaintiffs reallege their state law claims but omit any specific reference to Section 1983. (Am. Comp. ¶¶ 22-53).

On April 23, 2024, Defendants removed the matter to this Court under 28 U.S.C. § 1331 based upon the federal cause of action asserted in the original Complaint. (Notice Removal 2, DN 1).[1] Plaintiffs have moved to remand this matter to state court. (Pls.' Mot. Remand, DN 15).

## II. STANDARD OF REVIEW

In relevant part, 28 U.S.C. § 1441 generally provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 18 U.S.C. § 1441(a). This statute is to be narrowly construed and was "adopted in order to restrict rather than expand the scope of removal from the state courts." *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 464 (6th Cir. 2002) (internal quotation marks omitted) (citation omitted). "All doubts as to the propriety of

---

[1] The state court pleadings filed with the Notice of Removal (DN 1-1) omitted the First Amended Complaint, but Defendants later filed the FAC (DN 10-1) in this Court.

2

removal are resolved in favor of remand." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### III.   DISCUSSION

"Jurisdiction is determined at the time of removal, and subsequent events, 'whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.'" *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)).

While the original Complaint did contain a federal cause of action under 42 U.S.C. § 1983, Plaintiff filed the FAC in the Adair Circuit Court on April 12, 2024,[2] which was before Defendants removed the matter to this Court on April 23, 2024. Defendants relied upon the original Complaint in removing this matter based upon federal question jurisdiction under 28 U.S.C. § 1331 even though that Complaint was no longer the operative pleading. (Notice Removal 2). Because Plaintiffs had abandoned their federal claim by omitting that claim from the FAC, there was no federal claim pending at the time of removal. Accordingly, removal was improper, and Plaintiffs' motion is granted.

---

[2] Defendants concede that the FAC filed on April 12, 2024, is the operative Complaint to consider in ruling on Plaintiffs' motion. (Defs.' Resp. Pls.' Mot. Remand 5, DN 23). Defendants, however, did not attach the FAC to the Notice of Removal but subsequently filed that pleading in this Court. (Defs.' Notice Filing Redacted Am. Compl., DN 10). Despite Defendants' argument that the Court should construe the FAC as asserting a federal cause of action, the Court declines to do so based on the allegations in that amended pleading. (Defs.' Resp. Pls.' Mot. Remand 6-7).

## IV. CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (DN 15) is **GRANTED**, and this matter is **REMANDED** to Adair Circuit Court. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

June 14, 2024

cc: counsel of record
Adair Circuit Court Clerk (No. 24-CI-00039)

4